## Cook *v.* State.*

(Division B.    June 4, 1928.)

[117 So. 344.    No. 27082.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 959, n. 31;
p. 1063, n. 85.

*Harry K. Murray,* for appellant.

*James W. Cassedy, Jr.*, Assistant Attorney-General, for the state.

Etheridge, P. J.  George Cook was tried on an affidavit charging him with willfully and unlawfully offering for sale and selling malt, vinous, alcoholic, and other intoxicating liquors.

The first contention is that the affidavit charges two offenses in one count.  But no demurrer was filed thereto, and the affidavit was amendable, had the demurrer been filed; so there is no merit in this contention.

It is next contended that the court erred in refusing the requested instructions on behalf of the defendant. The first instruction complained of reads as follows:

"The court instructs the jury, for the defendant, that if, after a careful examination of all the testimony in the case, there is any reasonable doubt of the defendant's guilt, then you should promptly acquit him.  A reasonable doubt may exist, although there is no probability of the defendant's innocence from the testimony, and, if the jury have not an abiding conviction to a moral certainty of his guilt, then you should find him not guilty."

The court gave, at the request of the defendant, the following instruction, to-wit:

"The court instructs the jury, for the defendant, that in no case are you permitted by the law to convict a man on mere probability or chances of guilt; that, even though the jury may be able to say that there is a strong probability on the evidence that the defendant is guilty, and even though you believe that he is guilty, yet in that case a reasonable doubt of his guilt may exist.  It is only when every single juror on the panel is able to say that he is morally certain of his guilt that the law permits you to say guilty by your verdict."

We think this given instruction announces clearly the rights of the defendant upon the proposition involved in the other instruction.  There is a verbal difference in the two, but no substantial difference.  The instruction

given states the law as favorably to the defendant as he was entitled to have it stated, and the refusal of the instruction complained of in this case is not error. The court is not required to give the same principle of law in multiplied forms of expression.

The second instruction complained of, which was refused by the court, reads as follows:

"The court instructs the jury, for the defendant, that the law makes the defendant a competent witness in his own behalf, and his testimony you cannot arbitrarily disregard, under your oaths, simply because he is the defendant in the case; but it is the duty of the jury to consider his testimony, as you would consider the testimony of any other witness in the case, and, if you have no other reason to disbelieve him as a witness than the fact that he is the defendant in the case, then it is your sworn duty to believe it, and believe that he spoke the truth."

The latter part of this instruction is clearly a comment on the weight of the evidence, and is prohibited by section 591 of Hemingway's Code of 1927 (section 793, Code of 1906).

The trial judge may grant or refuse instruction as asked, without modification, or he may modify them, if he sees proper to do so; but we will not reverse him for failure to modify an instruction which is incorrect when asked. Furthermore, we think that the instruction given on behalf of the defendant presented his full rights to the jury, and the law was sufficiently given by the instructions granted.

The judgment is therefore affirmed.

*Affirmed.*